UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ROBB EVANS, et al.,<br><br>    Plaintiffs,<br><br>V.<br><br>RAMIRO ARMENTA, et al.,<br><br>    Defendants. | Civil No. 5:14-cv-00329-GFVT-REW<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |
| ROBB EVANS, et al.,<br><br>    Plaintiffs,<br><br>V.<br><br>ANNA BURRELL, et al.,<br><br>    Defendants. | Civil No. 5:14-CV-330-GFVT-REW<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Receiver's Motion to Terminate Sanctions against defendants Ruel Morton, Anover, Inc., Minhtuyen Nguyen, and Todd & Ashley, Inc.; strike their answers; and enter default against them for their failure to comply with discovery obligations. [*Burrell*, R. 100. *Armenta*, R. 154; R. 156.] As these motions are intertwined and these Defendants have been dealt with together in past orders, they will be considered together here. The defendants have not responded and the time to do so has passed. Accordingly, the relief the Plaintiff seeks is **GRANTED**. [*Burrell*, R. 100. *Armenta*, R. 154; R. 156.]

# I

This action arises out of extensive litigation surrounding Fortune Hi-Tech Marketing, a fraudulent pyramid scheme. [*Armenta*, R. 154-2 at 2.] In these particular cases, the Receiver was assigned to recover $37 million from various parties and has brought action against former independent representatives who were highly compensated under the fraudulent pyramid scheme. [*Armenta*, R. 154-2 at 2.]

Defendants were once represented by various attorneys and each entered an answer to Plaintiff's Amended Complaint after a Motion to Dismiss was denied. [*Armenta*, R. 75; R. 89. *Burrell*, R. 47.] Counsel for each Defendant eventually asked to withdraw as they were unable to comply with Court orders because the Defendants would not respond to them. [*Armenta*, R. 127; R. 128. *Burrell*, R. 79.] Judge Wier ordered Defendants to find new counsel and they did not comply. [*Burrell*, R. 83; *Armenta*, R. 132; R. 128; R. 127.]

After discovery commenced, Plaintiff filed a motion to compel Defendants to respond to Plaintiff's discovery and for sanctions. [*Burrell*, R. 93; R. 94. *Armenta*, R. 147; R. 148.] Defendants did not respond to the Motion to Compel. Judge Wier detailed Plaintiff's attempts to secure responses to their discovery requests. [*Burrell*, R. 151 at 3.]

As a result, Magistrate Judge Wier granted Plaintiff's Motion to Compel in part and denied in part. [*Armenta*, R. 151.] He entered an Order compelling Defendants to "fully and substantively respond, without objection, to the respective Interrogatories and RFPs within 14 days." [*Armenta*, R. 151 at 5.] He awarded attorney's fees to the Plaintiff [*Armenta*, R. 151 at 7] but declined to issue sanctions at the time [*Armenta*, R. 151 at 8]. However, Defendants were explicitly warned that failure to comply with Judge Wier's Order could result in "progressively

harsher sanctions, up to and potentially including striking each Defendant's answer to Plaintiff's First Amended Complaints and the entry of default judgment." [*Armenta*, R. 151 at 9.]

Each Defendant disregarded the Magistrate Judge's Order and did not produce discovery within fourteen 14 days. [*Armenta*, R. 156-2 at 3; R. 154-2 at 4. *Burrell*, R. 100-2 at 3.] Plaintiff sent demand letters to each Defendant with the Magistrate Judge's Order [*Armenta*, R. 151] attached and specifically stated the Plaintiff would move to strike their answers and would move for default and default judgment. [*Armenta*, R. 156-2 at 3; R. 154-2 at 4. *Burrell*, R. 100-2 at 3.] Plaintiff has attached the letter as well as the marked envelopes in the record. [*See Armenta*, R. 156; R. 154. *See Burrell*, R. 100.]

## II

Federal Rule 37(b)(2)(A) provides, in relevant part, that "[i]f a party or a party's officer, director, or managing agent ... fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed.R.Civ.P. 37(b)(2)(A). The rule then enumerates seven options for how to sanction the party, one of which is "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(vi). The rule further provides, with regard to attorney fees and expenses, that:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(C). In the Sixth Circuit, entry of default judgment pursuant to Rule 37 is reviewed for an abuse of discretion. *Stooksbury v. Ross*, 528 F. App'x 547, 552 (6th Cir.2013) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990). Furthermore, despite the fact that an entry of default is a "'drastic step which should be resorted to only in the most extreme cases,'" *Stooksbury*, 528 F. App'x at 552 (quoting *United Coin Meter Co. v.*

*Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983)), "the district court does not abuse its discretion in entering a default judgment where a 'party has the ability to comply with a discovery order and does not,'" *Stooksbury*, 528 F. App'x at 552 (quoting *Abbe*, 916 F.2d at 1073 (quoting *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988))).

The test for determining whether the Defendants' conduct in not cooperating with discovery is sufficiently egregious to justify an entry of default judgment involves the consideration of four factors:

> 1) whether the defaulting party's failure to cooperate with discovery was willful and in bad faith as opposed to an inability to cooperate; 2) whether the adversary was prejudiced; 3) whether the defaulting party was warned that his failure to cooperate could lead to a default judgment; and 4) whether less drastic sanctions were imposed or considered before the default judgment was ordered.

*Stooksbury*, 528 F. App'x at 552–53 (citing *Abbe*, 916 F.2d at 1073 (quoting *Regional Refuse*, 842 F.2d at 154.))

"Although no one factor is dispositive, dismissal [or default judgment] is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.2002). Conduct is deemed contumacious when it is in "willful disobedience of a court order." Black's Law Dictionary (9th ed.2009) (defining "Conduct.") Put another way, "[c]ontumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir.2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir.2008) (quoting Webster's Third New International Dictionary 497 (1986) (internal citations omitted)); *see also Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005) (For conduct to be considered in bad faith, it "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings.") (citations omitted). The burden is on Defendants to show that

their "failure to comply was due to inability, not willfulness or bad faith." *Reyes*, 307 F.3d at 458 (quoting *Regional Refuse Sys., Inc.*, 842 F.2d at 154.) Thus, the Sixth Circuit presumes that default judgment "is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Id.*

Rule 37 does not require Defendants receive a hearing before default judgment is entered, but only requires the opportunity to be heard and has made explicit in comments that "the court can consider . . . written submissions as well as on oral hearings." Fed. R. Civ. P. 37. Parties have had the opportunity to be heard have not submitted a single response throughout these proceedings. *See JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2007 WL 1875928, at *6 (S.D. Ohio June 20, 2007); *see also Johnson v. Cleveland Heights/Univ. Heights Sch. Dist. Bd. of Educ.*, 66 F.3d 326 (6th Cir. 1995). As Defendants have not submitted anything at all, this Court has been forced to only rely on Plaintiff's allegations. Regardless, Plaintiff has provided adequate evidence to support default judgment.

The first factor this Court considers is "whether the defaulting party's failure to cooperate with discovery was willful and in bad faith as opposed to an inability to cooperate." *Stooksbury*, 528 F. App'x at 552–53. Throughout this litigation, Defendants have made no attempt to cooperate except to submit an answer. Even their attorneys asked to be withdrawn from this case due to their inability to communicate with Defendants. [*Armenta*, R. 127; R. 128. *Burrell*, R. 79.] They have disregarded orders to find counsel [*Burrell*, R. 83; *Armenta*, R. 132; R. 128; R. 127] and completely ignored the Magistrate Judge's Order to participate in discovery. [*Armenta*, R. 151.] As the burden rests on the Defendants to prove that their "failure to comply was due to inability, not willfulness or bad faith," and they have not responded, this Court finds that their failure to comply is willful and a result of bad faith. *Reyes*, 307 F.3d at 458

Second, we look to "whether the adversary was prejudiced." *Stooksbury*, 528 F. App'x at 552–53. The Receiver alleges he was injured by Defendants' repeated failure to comply with discovery requests and has already been awarded attorney's fees in the Magistrate Judge's order. [*See Armenta*, R. 156-2 at 7; R. 154-2 at 7; R. 151. *See Burrell*, R. 100-2 at 7.]

Third, "the defaulting part[ies] [were] warned that [their] failure to cooperate could lead to a default judgment." *Stooksbury*, 528 F. App'x at 552–53. Defendants were explicitly warned that failure to comply with the Magistrate Judge's Order could result in "progressively harsher sanctions, up to and potentially including striking each Defendant's answer to Plaintiff's First Amended Complaints and the entry of default judgment." [*Armenta*, R. 151 at 9.] Also, the Receiver notified the Defendants that they would move to strike their answers and would move for default and default judgment if they didn't receive a response after the Magistrate Judge's Order. [*Armenta*, R. 156-2 at 3; R. 154-2 at 4. *Burrell*, R. 100-2 at 3.]

Fourth, "less drastic sanctions were imposed . . . before the default judgment was ordered." *Stooksbury*, 528 F. App'x at 552–53. Magistrate Judge Wier ordered Defendants to comply with his Order to participate in discovery and Defendants did not. [*See Armenta*, R. 151.] He granted Plaintiff attorney's fees. [*See Armenta*, R. 151.] These lesser sanctions were entirely fruitless and resulted in zero action from Defendants.

Though default judgment is a harsh sanction, Defendants Ruel Morton, Anover, Inc., Minhtuyen Nguyen, and Todd & Ashley, Inc, have left this Court with no other option. They have failed to participate in any way in discovery or litigation of this matter. This Court cannot consider another alternative as it has never been presented with any type of response from Ruel Morton, Anover, Inc., Minhtuyen Nguyen, or Todd & Ashley, Inc.

**III**

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motions to Set Aside in **5:14-CV-329-GFVT-REW** are **GRANTED [R. 154; R. 156]**;

2. Plaintiff's Motion to Set Aside in **5:14-CV-330-GFVT-REW** is **GRANTED [R. 100]**;

3. Default Judgment is entered as to Ruel Morton, Anover, Inc., and Todd & Ashley, Inc. in action **5:14-CV-329-GFVT-REW**;

4. Default Judgment is entered as to Minhtuyen Nguyen in action **5:14-CV-330-GFVT-REW**;

5. The Answer filed by Defendants Ruel Mortion and Anover, Inc. in **5:14-CV-329-GFVT-REW** is **STRICKEN [R. 75];**

6. The Answer filed by Defendant Todd & Ashley, Inc. in **5:14-CV-329-GFVT-REW** is **STRICKEN [R. 105]**;

7. The Answer filed by Defendant Minhtuyen Nguyen in action **5:14-CV-330-GFVT-REW** is **STRICKEN [R. 47]**; and

8. Prior to a final judgment being entered, the Magistrate Judge shall conduct a hearing to determine the appropriate damages, expenses, and attorneys fees to be awarded in this matter. Following the hearing, the Magistrate Judge shall file a Report and Recommendation with this Court outlining his findings.

This the 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge